The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. Henry Johnson d/b/a Johnson Framing was non-insured.
3. The date of the alleged injury was April 5, 1993.
In addition, the parties stipulated into evidence two letters from Dr. Hamilton dated August 16, 1994 and June 28, 1994.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commission as follows:
FINDINGS OF FACT
1. April 5, 1993 was the only date plaintiff worked for defendant, a residential building contractor. Defendant was building a house on Smith Avenue in Winterville and plaintiff was hired to help with the framing work. Plaintiff drove to the work site that morning separately from defendant and arrived before defendant got there. While waiting he and his friend, Steve Norton, smoked marijuana in the car.
2. Once the entire crew was assembled, they got the tools out of the truck. Despite repeated instructions, plaintiff, who apparently did well in school, had much difficulty remembering where to put things and was clearly under the influence of marijuana at that time. The crew began to put up rafters on a section of roof line on the house. Sometime later a business associate of defendant's came to the job site. After a discussion the two men left and defendant was gone for approximately fifteen minutes. During his absence, plaintiff and two other employees smoked marijuana behind the house. Shortly after defendant returned, the crew resumed work on the house. The rafters for the section being worked on were completed, plywood was placed on the front side of that section, and Chris Buck was putting tar paper on the plywood when plaintiff climbed up onto the roof to assist him.
3. It had been thirty minutes or less from the time plaintiff had last smoked marijuana to the time he climbed up on the roof. Despite his six year history of construction work, he appeared very hesitant and awkward. He stood at the gap where the wall framing met the roof and appeared to be hanging onto the house. Chris had put tar paper on all but the bottom row, so he asked plaintiff to come out and nail that last row of tar paper. Plaintiff stepped out onto the roof and shot a few nails into the tar paper. He then sat down and, since his weight was not on his feet, began sliding. He fell off the roof and injured his right foot.
4. There had been a misting rain on the morning in question, so the weather was likely a factor in plaintiff's fall. However, it was not the only factor. Plaintiff's testimony that the effects of the marijuana he had smoked had worn off before he fell is not accepted as credible. His judgment was impaired or he would not have gone up on the roof where he would need good coordination and balance. The fact that he was clinging to the house before he walked out onto the roof and the manner in which he fell indicated that his balance and coordination were adversely affected by the drug.
5. Marijuana was a controlled substance pursuant to the North Carolina Controlled Substances Act. It was classified as a hallucinogenic (Dorland's Illustrated Medical Dictionary) and was an intoxicant, excitant drug (Taber's Cyclopedic Medical Dictionary).
6. On April 5, 1993 plaintiff sustained an injury by accident arising out of and in the course of his employment. The fact that he fell off of a roof constituted an unusual occurrence which interrupted his regular work routine. However, his injury was a proximate result of his being under the influence of marijuana.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. At the time of the injury in question, the employee-employer relationship existed between defendant and plaintiff. G.S. § 97-2.
2. Although plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant on April 5, 1993, his injury was a proximate result of his being under the influence of marijuana, a controlled substance pursuant to the North Carolina Controlled Substance Act. G.S. § 97-2(6); G.S. § 97-12; G.S. § 90-88; G.S. § 90-94.
3. Plaintiff is not entitled to benefits under the Workers' Compensation Act for the injuries he sustained on April 5, 1993. G.S. § 97-12.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. This claim is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER